IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 08-cv-00406-LTB-KMT

WILLIAM R. PEARSON a/k/a (BILLY RAY PEARSON),

    Plaintiff

v.

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),

    Defendant.

---

## STIPULATED PROTECTIVE ORDER
---

Upon consideration of the Stipulated Protective Order proposed by Defendant National Railroad Passenger Corporation ("Defendant") and Plaintiff William R. Pearson ("Plaintiff") concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

    1.    The term "document" shall be defined as set forth in Federal Rule of Civil Procedure 34.

    2.    All documents produced or information disclosed by Plaintiff or Defendant, which, after review by counsel for the producing party, the producing party contends is not available to the public, and which concerns or reveals confidential, medical, personal and/or proprietary information of the most sensitive nature may be designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" by the producing party. Other documents produced or information disclosed by Plaintiff and Defendant, which, after review by

counsel for the producing party, are considered non-public and confidential, but which are not as sensitive, may be designated as "CONFIDENTIAL" by the producing party.

3. A party producing material designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" shall label or mark documents and things deemed to be "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" with an appropriate legend. All information contained in documents produced or disclosed by a party or non-party for inspection only, prior to making physical photocopies for production, shall be presumed confidential and subject to the restrictions in this Protective Order unless and until the information is obtained from other non-restricted sources or from document copies supplied by the producing party to which no claim of confidentiality has been made. A party that inadvertently fails to mark an item as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" at the time of production may correct its failure in writing, accompanied by substitute copies of each item, container or folder, appropriately marked confidential; the receiving party may not be held responsible for not treating the previously unmarked items as confidential, provided that once notice of the correction is provided to the receiving party, the receiving party uses diligent efforts to treat such material as confidential in accordance with this Protective Order. Once notice of the correction is provided to the receiving party, the receiving party shall subsequently treat such items as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" pursuant to this Protective Order, and within five (5) business days of receipt of the substitute copies, the receiving party shall return or certify the destruction of the previously unmarked items, containers or folders and all copies thereof. In addition, documents prepared using documents designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or

"CONFIDENTIAL" shall themselves be treated as either "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," according to the designation of the documents from which they were prepared, and shall be subject to this Agreement.

4. Any party may designate its responses to discovery, including responses to requests for production, responses to interrogatories, responses to requests for admission, and depositions, as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL." To designate written responses to individual discovery requests as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", the responding party shall place a legend, as described in paragraph 3, on the caption page of the responses. The responding party shall then place the responses it is designating on pages separate from non-designated responses and shall in the footer or header of each designated page place a legend as described in paragraph 3. In the case of depositions, if counsel for a party believes that a portion or all of the deposition constitutes "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", counsel shall so state on the record and shall request that the specific pages which include such "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" be included in a separate sealed portion of the transcript. The reporter, who shall first have agreed to abide by the terms of this Protective Order, shall be instructed to include on the cover page of each sealed portion the legend:

> "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

When testimony designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be

excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" on the record at the deposition shall have seven (7) business days, following receipt of the transcript from the court reporter, in which to do so. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", and directing the reporter to place the same under seal as provided herein. Until expiration of the aforesaid seven (7) business day period, all deposition transcripts shall be considered and treated as protected "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", unless otherwise agreed on the record at the deposition.

5. Documents or information designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall be accessible only to: (a) counsel of record for the parties to this action, in-house counsel, and necessary attorneys, legal assistants and support staff in their respective offices; and (b) experts retained by the parties hereto and their respective office associates and support staff provided they agree to be bound by this Agreement in writing as set forth in ¶ 7 hereof. Counsel and their staff may make copies of documents designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" but said copies must be treated in the same manner as originals so designated.

6. Documents or information designated "CONFIDENTIAL" shall be accessible only to the parties to this action, counsel of record and necessary attorneys, in-house counsel, legal assistants and support staff in their respective offices, experts and consultants retained by such counsel in connection with this action, other persons who may be witnesses

herein, and any other person to whom the party producing the documents or revealing the information agrees in writing, all of whom shall agree to be bound by this Agreement in writing as set forth in ¶ 7 hereof.

7. Any person to whom designated documents or information is disclosed, shall be provided with a copy of this Agreement, shall be bound by its terms, and shall acknowledge his/her receipt of this Agreement and agreement to be bound thereby.

8. If either party to this Agreement disagrees with the designation of information as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," it may notify counsel for the other party, and the parties will thereupon confer as to the proper status of such information. In the event that counsel agree to release the information in question subject to a reduced level of protection or no protection, such agreement shall be reduced to writing and endorsed by counsel for both parties. If an agreement cannot be reached with regard to the disclosure of information designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," the party seeking such designation may seek from the Court such relief as it may deem appropriate. Any document produced or information disclosed as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," shall be treated as such and shall be handled by the parties in accordance with the terms of this Agreement until such time as the parties agree upon the handling of the objection or a decision on the motion is made by the Court. On any such motion, the party seeking to disclose shall bear the burden of showing why such disclosure is necessary to the preparation of their case, but the party claiming confidentiality shall bear the burden of showing the need for confidentiality.

9. All deposition transcripts, exhibits, and other documents filed with the Court in this action which contain information which has been designated by either Plaintiff or Defendant as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or as "CONFIDENTIAL," in accordance with this Agreement, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a brief description of the nature of the contents of such sealed envelope or other container and a statement substantially in the following form:

> This envelope is not to be opened nor the contents thereof to be displayed
> or revealed except by order of the Court or consent of the parties.

10. All disputes concerning the scope, or relating to the interpretation, of this Agreement that cannot be resolved among Plaintiff and Defendant shall be submitted for rulings to the Court. Plaintiff and Defendant agree that, in the event it becomes necessary to seek a ruling from the Court, an expedited procedure shall be followed.

11. It is understood and agreed that persons obtaining access to documents or information designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," shall use said documents and information only for purposes of this action and related litigation, and not for business, competition, or other purpose, and shall not disseminate, distribute, disclose, divulge, publish or otherwise make available said documents or information to anyone except pursuant to the terms of this Agreement, or as the Court may otherwise specifically direct or allow.

12. Within sixty (60) days following final disposition or resolution of this action, including all subsequent litigation relating thereto, counsel for the parties shall certify that all documents subject to this Agreement, including copies, extracts, and summaries made or containing information therefrom, have been destroyed or surrendered to counsel and shall

confirm in writing their compliance with this obligation. Nothing in this Agreement shall prevent counsel from retaining copies of motions and pleadings filed or served in this action. Nothing in this Agreement shall prevent counsel for the parties from retaining any summaries or other documents prepared by or for said counsel that contain or refer to information and/or documents subject to this Agreement and that constitute attorneys' work product, provided that such summaries or other documents are thereafter maintained under the terms and conditions of this Agreement. The terms and conditions of this Agreement shall continue to apply after the termination of this action.

    13. This Agreement shall not be considered: (i) a modification or waiver of any preexisting obligation of confidentiality (including contractual obligations and obligations that may exist by operation of law) that any party to this Agreement may be subject to; (ii) a waiver of any objection that any party may have to requests for the production of confidential material; or (iii) any limitation on the parties' freedom to agree to greater protections regarding confidential material than are contained in this Agreement.

    14. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material: (i) that was, is or becomes public knowledge, not in violation of this Agreement; or (ii) that the non-designating party lawfully possessed and was entitled to disclose prior to the filing with the Court of this Agreement.

15. This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

Approved as to form and content:

ORDERED this 22nd day of October, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge

AGREED AND APPROVED:

By: *s/ Conrad S. Kee*
Jackson Lewis LLP
Conrad S. Kee
1050 17th Street, Suite 2450
Denver, Colorado 80265
Telephone: (303) 892-0404
Fax: (303) 892-5575
*Attorney for Defendant National Railroad Passenger Corporation (Amtrak)*

By: *s/ Jennifer C. Robinson*
Jennifer C. Robinson
Robinson & Associates Law Office, LLC
7900 E. Union Ave., Suite 1100
Denver, Colorado 80237
Phone: 303-866-9793
*Attorney for Plaintiff*