IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 08 cv 00406 LTB-KMT

WILLIAM R. PEARSON aka (BILLY RAY PEARSON),

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),

    Defendant.

---

**PLAINTIF'S MOTION ON PREJUDGMENT INTEREST RATE AND AMOUNT**

---

Pursuant to the Court's Order of January 29, 2010, Plaintiff William R. Pearson, by and through his attorney, Jennifer C. Robinson, Esq., hereby submit his Motion of Prejudgment Interest as follows:

Although pre-judgment interest is authorized by 42 U.S.C. § 2000e-5(g) and 1981, no interest rate is provided for in either statute. Plaintiff has requested that the Court use the State of Colorado general statutory interest rate of 8% per annum. Section 5-12-101, C.R.S. (providing for interest at 8% per annum, compounded annually). Defendant requests that the Court apply the postjudgment interest rate pursuant to 28 U.S.C. § 1961(a).  The Tenth Circuit has held that where a federal statute provides for interest, but does not specify an amount, the Court is free to choose an interest rate that will fairly compensate the plaintiff for the delay in receiving payment. *Toweridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 763-765 (10th Cir. 1997). In this regard, the Court may use a state's statutory rate "as a matter of convenience and practicality." *Id*. at

1

764. The Colorado statutory rate of 8% provides fair compensation and should be used as a matter of convenience and practicality.

The Federal District Court for the District of Colorado has used a Colorado statutory rate at least twice in discrimination cases without significant comment from the Tenth Circuit. *EEOC v. Safeway Stores, Inc.*, 634 F.2d 1273, 1279 (10th Cir. 1980); *Reed v. Mineta*, 438 F.3d 1063,1065-66 (10th Cir. 2006). Determining the appropriate prejudgment interest rate and compounding formula falls within the Court's discretion, to be exercised with an eye toward ensuring complete compensation to the plaintiff.  *Reed*, 438, F.3d at 106.   Perhaps more importantly, other federal courts have found 8% to be an appropriate pre-judgment interest rate, even in the absence of a statute. *EEOC v. Sage Realty Corp*. 507 F.Supp 599, 613 (S.D. N.Y. 1981) (gender discrimination, awarded 8% prejudgment interest compounded quarterly); *Washington v. Kroger Co.*, 506 F.Supp 1158, 1172 (W.D. Mo. 1981) (race discrimination, awarded 8% pre-judgment interest) *and see Washington v. Kroger Co.*, 671 F.2d 1072, 1078-79 (8th Cir. 1982) (approving of 8% interest rate, but vacating and remanding on other grounds).  In a race discrimination case, one court awarded prejudgment interest of 12% compounded quarterly. *Butler v. Coral Volkswagen, Inc.*, 629 F.Supp 1034, 1041 (S.D. Fla. 1986). The use of the Colorado statutory interest rate of 8% is fair, reasonable, practical, and convenient.

By contrast, the 10th Circuit has been reluctant to apply the rate of interests as determined by 28 U.S.C. § 1961(a) in determining prejudgment interest.  In *Caldwell v. Life Ins. Co. of North America*, 287 F.3d 1276 (10th Cir. 2002) the defendant had urged for the application of 28 U.S.C. § 1961(a) to prejudgment interest.  In declining to do so the Court stated:

> We decline to follow its suggestion. Section 1961 applies to post-judgment interest, and the district court was not bound by its strictures. Many circuits have held that courts are not required to use section 1961 in calculating prejudgment interest and that the calculation rests firmly within the sound discretion of the trial court. *Taxman v. Bd. of Educ.*, 91 F.3d 1547, 1566 (3d Cir. 1996); *Ingersoll Milling Mach. Co. v. M/V Bodena*, 829 F.2d 293, 310 (2d Cir. 1987); *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984). We now join them. *Id.* at 1287-88.

*Caldwell* at 1276.

In Mr. Pearson's case an 8% rate of return reasonably reflects the rate of return he could have received on his investments had he invested the funds reflected in his economic damage award. Prior to his termination Mr. Pearson invested in several Vanguard funds. (Affidavit of Billy Ray Pearson, attached hereto as "Exhibit A".) Those included Vanguard Wellington Fund, Vanguard 500 Index Fund and Vanguard Windsor Fund. (Exhibit A.) For the period ending in 2007 the rate of return on those funds were 10.09%, 7.61% and 1.74% respectively. (See Exhibit B, Pearson Vanguard Statement.) The historical rate of return for those funds since inception was 8.45%, 12.07% and 12.45% respectively. (Exhibit B.) In addition, Mr. Pearson also invested in more conservative funds such as the Vanguard Prime Money Market Fund and Vanguard Total Bond Market Index. (Exhibit B.) The rate of return for these investments for the period ending in 2007 was 5.18% and 6.18% respectively. (Exhibit B.) Their historical rates of return since inception were 6.46% and 6.97% respectively. (Exhibit B.)

Although there is no precise method for determining exactly what would have happened or precisely what could have happened had Amtrak not discriminated against Mr. Pearson and wrongfully terminated him, Mr. Pearson has presented sufficient evidence to show that the 8% statutory rate is reasonable. The rate requested by Amtrak, which essentially equates to less than 1%, does not fully compensate Mr. Pearson but reflects *current* market fluctuations and

economic downturns.  As reflected by the Federal Reserve website, recent market volatility has seen market highs in 2008 and market lows in early 2009 followed by an ongoing recovery in late 2009 through the first month of 2010.  Using a snapshot in time reflecting the current state of economic distress is unjust.  Defendants will likely respond by applying some snapshot in time that takes advantage of the lowest point in the market or the 28 U.S.C. 1961 rate of interest.  However, Plaintiff's investment activity reflects a much more aggressive investment approach than investing at the federal reserve rate established pursuant to 28 U.S.C. 1961.

Accordingly, Mr. Pearson requests that the Court apply an 8% statutory interest rate.  Based on that rate and as calculated in accordance with the 10th Circuit's decision in *Reed, supra*, Mr. Pearson is entitled to interest on his backpay award in the amount of  $41,224.51.00.  (See Exhibit C for calculation.)  The parties have not briefed the issue of prejudgment interest on Mr. Pearson's compensatory damages award and Plaintiff will seek clarification on that issue at the parties February 24, 2010 status conference.

Respectfully submitted this 4th day of February 2010.

                        Respectfully submitted,

            By: *s/ Jennifer C. Robinson*
                 Jennifer C. Robinson
                 Robinson & Associates Law Office, LLC
                 7900 E. Union Ave., Suite 1100
                 Denver, Colorado  80237
                 Phone:  303-866-9793
                 *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 4th day of February, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the e-mail address of the following:

Conrad Kee
Jennifer Harpole

                                            *s/Jennifer Robinson*